# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 21-20 |
| v. ) | |
| ) | Judge Cathy Bissoon |
| JOSHUA CALIBE LOWRY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant's pro se Motion for the return of U.S. currency (Doc. 96) will be denied. Defendant requests that the Pittsburgh Bureau of Police or the DEA be ordered to return to him $5,593.00, seized on January 15, 2021. *Id.* As Defendant correctly asserts, the funds were not identified as forfeitable property in the Judgment against him in this case. *See* Doc. 82 at 8. Nor were they identified in the forfeiture allegations in the Indictment. *See* Doc. 19 at 3.

In response, the government reports: that a nearly identical sum, $5,592, was seized by the DEA and Pittsburgh Bureau of Police[1]; that, during the course of the DEA's custody of the funds, administrative forfeiture proceedings were undertaken; and that, because no claim to the funds was received, they were administratively forfeited on August 2, 2021. Doc. 98. Thus, the funds "are no longer available to be returned to [D]efendant." *Id.*

The Court has no reason to question the government's assertions. Particularly so, given that – until Defendant's recent filing – the funds were in no way referenced in this Criminal Action. They were mentioned once, in a transcript of proceedings before the magistrate judge in 2:21-mj-00098. That was prior to the magisterial action's merger into this case,

---

[1] Whether the one-dollar difference reflects an intentional distinction, or a typographical error, is unknown to the Court.

and before the undersigned had any involvement.[2]  In any event, the Court has reviewed the entire docket in Criminal Action No. 21-20, and no reference to the monies can be found.

It comes as little surprise to report, then, that no record of the administrative forfeiture proceedings is contained in the record.  Although it may have proven helpful for the government to now supply documentation, to the extent it is available (if not for the purpose of judicial notice, to provide closure for Defendant), the omission does not affect the outcome.  This is so because the Court is unaware of any legal authority permitting or requiring it to compel a return of property, by virtue of its presiding over a criminal action, when such property is not identified as a subject matter of the case.  *Cf.* U.S. v. Thomas, 2015 WL 13448019, *2 (W.D. Pa. Sept. 8, 2015) (holding that the defendant could not "properly proceed" in his criminal case to recover "items were not identified in the indictment or bill of particulars").

The Court offers no opinion regarding whether any other type of action, or procedural vehicle, exists through which Defendant might seek vindication of his claimed property interest.  Accepting as true the government's assertion that administrative forfeiture proceedings were undertaken, Defendant's failure to avail himself of such remedies would, in all likelihood, prove fatal.  Likewise, Defendant would appear hard pressed to establish the timeliness of a claim, given that the seizure occurred nearly three years prior to his current expression of interest.

---

[2]  As nearly always is the case, the transcript was filed well after the proceedings it memorialized took place.  *See* Doc. 19 in 2:21-mj-00098 (filed July 14, 2021).  The transcript was filed months after the cases were merged, and it ended up being the last filing in that case.  This makes sense because, once the cases were merged, the magisterial action – for all practical purposes – became a nullity.

In any event, the Court's ruling is narrow. Under the circumstances presented, Defendant has not demonstrated the Court's authority to grant the relief he requests. His Motion for return of the funds (**Doc. 96**) is, therefore, **DENIED**.

IT IS SO ORDERED.

January 24, 2024                                         s\Cathy Bissoon
                                                         Cathy Bissoon
                                                         United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (sent to Defendant, via First-Class U.S. Mail, to the return address on his envelope of submission):

Joshua Calibe Lowry
07759-509
FCI Hazelton
P.O. Box 5000
Bruceton Mills, WV  26525