# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 21-20 |
| v. ) | |
| ) | Judge Cathy Bissoon |
| JOSHUA CALIBE LOWRY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

After reconsideration, the Court hereby reaffirms its prior ruling denying Defendant's Motion for the return of U.S. currency (Doc. 96). The Court's prior Order (Doc. 99) is vacated, and replaced with the following.

The government has presented evidence confirming that it no longer has the property in question, and that it was administratively forfeited. Government's counsel has produced DEA chain of custody records, which causes the "evidentiary inquiry [to be] significantly reduced." U.S. v. Albinson, 356 F.3d 278, 283 n.8 (3d Cir. 2004).

The records confirm that the DEA followed regulatory protocols, and sent notice of the forfeiture proceedings to Defendant at a number of different addresses, including: his attorney's office; his place of pretrial detention; the residential address where the property was seized; and a residence where Defendant was known to have resided while on pretrial release. Doc. 106-2 at ¶¶ 4(b) through 4(e); *see* Doc. 70 (PSR) at ¶ 60 (confirming Defendant's residential address while on pretrial release). The notices were sent via certified mail, and the DEA's records confirm that each mailing was signed for upon receipt. Doc. 106-2 at ¶¶ 4(b) through 4(e). The DEA also posted notice on its forfeiture website for a period of thirty consecutive days. *Id.*

at ¶ 4(k).  No claims were submitted and, on August 2, 2021, the property was forfeited.  *Id.* at 4(l).

A hearing is unnecessary, because the government's submissions answer the evidentiary questions posed in Albinson:  whether the government retains possession of the property (it does not); and what happened to the property (it was administratively forfeited).  Once those determinations are made, "[i]f the District Court concludes that the government's actions . . . were [im]proper, it shall determine what remedies are available."  *Id.* at 281 (citation to quoted source omitted).

Here, Defendant does not articulate bases on which the government's forfeiture proceedings were improper.  He merely alleges that he was unaware of the forfeiture proceedings and did not receive "adequate notice."  *See* Doc. 100 at 3.  Even were Defendant to allege that he did not receive one or more of the notices, through the multiple and varied means provided, the relief he seeks remains out of reach.  The property is gone, it cannot be returned and money damages are unavailable.  *Compare* Doc. 96 (requesting that the government "convey and remit [the seized] funds") *with* U.S. v. Bein, 214 F.3d 408, 416 (3d Cir. 2000) (holding that the United States is immune from claims for money damages, and concluding that U.S. v. One Toshiba Color Television, 213 F.3d 147 (3d Cir. 2000) did not resolve, and was not inconsistent with, the immunity ruling).

For these reasons, Defendant's Motion (**Doc. 96**) is **DENIED**.

IT IS SO ORDERED.

January 21, 2025                                     s\Cathy Bissoon
                                                     Cathy Bissoon
                                                     United States District Judge

cc (via ECF email notification):

All Counsel of Record


cc (via First-Class U.S. Mail to Defendant at the institution identified in the BOP's inmate finder website):

Joshua Calibe Lowry
07759-509
FCI Beckley
Federal Correctional Institution
P.O. Box 350
General & Legal Mail
Beaver, WV  25813